Sims *v*. American Can Company.

Argued October 6, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Robert A. Detweiler,* for appellant.

*Roland J. Artigues,* with him *Galfand, Berger, Senesky, Lurie & March,* for appellee.

Opinion By Judge Wilkinson, October 27, 1972:

The question to be decided in this appeal is properly set forth in appellant's brief to be "May a claimant recover for the loss of use of one-half his finger under the Pennsylvania Workmen's Compensation Act?"

This question was answered in the affirmative by the Referee, in the negative by a divided Board, and in the affirmative by the court below. We answer it in the affirmative and, therefore, affirm the court below.

Able counsel for the appellant candidly states that if this court follows the decision of the Superior Court in *Yaklich v. Union Collieries Co.*, 158 Pa. Superior Ct. 55, 43 A. 2d 591 (1945), the lower court must be affirmed. If we were disposed to overrule that case, the appellant's argument would be the strongest basis. However, the interpretation of Section 306(c) of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, Art. III, Sec. 306(c), as amended, 77 P.S. §513, by the Superior Court in the *Yaklich* case in 1945 has never been changed by the Legislature.

The statutory provisions here involved are:

"§306(c)(15)   The loss of any substantial part of the first phalange of a finger, or an amputation immediately below the first phalange, for the purpose of providing an optimum surgical result, shall be considered loss of one-half of the finger. Any greater loss shall be considered the loss of the entire finger." 77 P.S. §513(15)

"§306(c)(24)   . . . Permanent loss of the use of a hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe, shall be considered as the equivalent of the loss of such hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe." 77 P.S. §513(24).

The Superior Court in *Yaklich* expressly rejected the appellant's argument that by not including loss of use of half a finger in sub-section (24), the Legislature meant to deny compensation under the circumstances

where the claimant would be paid under sub-section (15) had half the finger been amputated. "The appellant contends that 'loss of the use' of one-half of the thumb is not compensable under this section, but with that contention we disagree. Section 306(c) should be so construed that every reasonable intendment of its express language should be upheld in behalf of the employee. Ciotti v. Jarecki Manufacturing Co., 128 Pa. Superior Ct. 233, 193 A. 323. The Workmen's Compensation Act, 77 P.S. §1 et seq., is remedial and is to receive a liberal construction. Ottavi v. Timothy Burke Stripping Company, 140 Pa. Superior Ct. 389, 14 A. 2d 188. According to the testimony of Dr. Jamison, the claimant has permanently lost the use of the distal joint or first phalange of his left thumb. Therefore, for all practical purposes, he has lost the first phalange of his thumb to the same effect and extent as if it had been amputated or otherwise physically removed, and consequently, he has suffered a 'loss' within the terms of the Act and compensation therefore was properly awarded." *Yaklich v. Union Collieries Co.*, 158 Pa. Superior Ct. 55, 59, 43 A. 2d 591, 594 (1945).

The record is quite clear and appellant does not contest that claimant has lost the use of one-half of the left little finger.

Affirmed.