Robert L. Ney, Appellant, v. Workmen's Compensation Appeal Board and American Can Company, Appellees.

Argued September 10, 1974, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Roland J. Artigues,* with him *Galfand, Berger, Senesky, Lurie & March,* for appellant.

*Robert A. Detweiler,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, October 28, 1974:

This is an appeal by Robert L. Ney (Ney) from a decision of the Workmen's Compensation Appeal Board

(Board) sustaining a referee's denial of compensation benefits.

Ney injured the thumb of his right hand in an accident which occurred on May 28, 1971, while he was in the course of his employment with the American Can Company (employer). He filed a claim petition on September 20, 1971, seeking compensation for the loss of use of one-half of his right thumb.

After hearings were held before a referee, Ney's petition was denied as a result of the referee's finding that his injury had "healed without substantial loss of tissue or function." The referee's denial of compensation was affirmed by the Board, and Ney now appeals to us.

Our scope of review in workmen's compensation cases is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial competent evidence. *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 309 A. 2d 169 (1973). And where, as here, the Board has affirmed the findings and conclusions of the referee and has found against the party having the burden of proof, review by this Court is to determine whether the findings are consistent with each other and with the conclusions of law and the Board's order and can be sustained without a capricious disregard of competent evidence. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A. 2d 172 (1973).

Our reading of the record convinces us that the referee's finding that Ney's injury had healed "without substantial loss of tissue or function" cannot be sustained without a capricious disregard of competent evidence.

The only evidence presented to the referee—the Board did not take additional evidence—was the testi-

mony of Ney and a report filed by one Dr. Cottone, Ney's treating physician, to whom Ney had been sent by the employer.

Although Ney's testimony was not entirely unequivocal, he did state that since his injury he had problems doing little things at work and that he had no feeling in the tip of his thumb. Of far more importance was the report of Dr. Cottone wherein he stated that Ney sustained a "fracture distal phalanx right thumb" and that this injury resulted in "50% permanent loss of function right thumb." The referee does not mention Dr. Cottone's report in his decision.

We have repeatedly held that a capricious disregard of competent evidence occurs when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result. *Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973).

Applying this criterion to the present case, we find that the referee's disregard of the uncontradicted report of Dr. Cottone, Ney's treating physician and the very doctor to whom Ney was sent by the employer, was such a flagrant disregard of the evidence as to be repugnant to a man of reasonable intelligence. *Crain v. Small Tubes Products*, 8 Pa. Commonwealth Ct. 157, 302 A. 2d 925 (1973). We must, therefore, conclude that the referee did capriciously disregard competent evidence.

Our reading of the Board's opinion reveals that the Board sustained the findings and conclusions of the referee on the mistaken belief that a loss of one-half of a thumb could not be found under Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §513(15), unless there was a physical loss of a substantial part of the phalange, the bone of the thumb. This is not the law. This Court has held in *Sims v. American Can*

*Company,* 6 Pa. Commonwealth Ct. 423, 296 A. 2d 290 (1972), that the *loss of use* of one-half a thumb or finger is compensable in the same extent and manner as the amputation of one-half a thumb or finger.

The employer concedes that the Board was mistaken on this point but contends that the Board should be affirmed since Ney's own testimony showed that he uses his thumb in his work. Our reading of the record convinces us that, although it was apparent Ney had some use of his thumb, his testimony was not inconsistent with the report of Dr. Cottone to the effect that he has lost the use of one-half of his thumb.

Therefore, we issue the following

### ORDER

AND Now, this 28th day of October, 1974, the decision of the Workmen's Compensation Appeal Board as to the claim of Robert L. Ney is reversed; the Workmen's Compensation Appeal Board is hereby directed to compute the total amount to be payable, whether then due and accrued or payable in future installments; and when such computation has been provided to the Court, judgment in that amount shall be entered.