James Phillips, Appellant, *v.* Workmen's Compensation Appeal Board and United States Steel Corporation, Appellees.

Argued November 8, 1974, before Judges WILKIN-SON, JR., ROGERS and BLATT, sitting as a panel of three.

*Roland J. Artigues,* with him *Galfand, Berger, Senesky, Lurie & March,* for appellant.

*Richard F. Lerach,* with him *James D. Strader* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, December 5, 1974:

This is a workmen's compensation case.

The appellant, a claimant, sustained a laceration of the pad of the first phalange of his right middle finger. Five stitches were required to close the wound. The claimant lost no time from work and has suffered no loss of earning power. He can perform his work as an electrician and is able to tie his shoes, button his shirts and otherwise use the right hand normally except that he is not quite able to make a complete fist. A physician found that the claimant suffers a 19% impairment of the function of the distal interphalangeal joint. The appellant seeks compensation for loss of use of one-half

of the finger. A referee and the Workmen's Compensation Appeal Board denied benefits. We affirm.

The following provisions of The Pennsylvania Workmen's Compensation Act[1] are involved.

Section 306(c)(15), 77 P.S. §513(15) (Supp. 1974-1975)

"The loss of any substantial part of the first phalange of a finger, or an amputation immediately below the first phalange for the purpose of providing an optimum surgical result, shall be considered loss of one-half of the finger. Any greater loss shall be considered the loss of the entire finger."

Section 306(c)(24), 77 P.S. §513(24) (Supp. 1974-1975)

". . . Permanent loss of the use of a hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe, shall be considered as the equivalent of the loss of such hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe."

In *Sims v. American Can Company*, 6 Pa. Commonwealth Ct. 423, 296 A. 2d 290 (1972), we held that the loss of the use for all practical intents and purposes of the first phalange of a thumb is compensable under Section 306(c)(15), despite the absence in Section 306(c)(24) of any reference to loss of use of *one-half* of a thumb. The result was required, we concluded, because the Act is remedial.

The instant claimant argues that because Section 306(c)(15) provides compensation for loss of a *substantial part* of the first phalange, the *Sims* holding compels the result that a *substantial loss of use* of the interphalangeal joint is compensable under Section 306(c)(24).[2] The fallacy of this argument lies in the fact that

---

[1] Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §1 et seq.

[2] We note that the Workmen's Compensation Appeal Board concluded, we think correctly, that the claimant did not establish a substantial loss of use of the first phalange.

Section 306(c)(24) provides compensation, not for a substantial loss of use, but for loss of use, which the cases hold means a loss of use for all practical intents and purposes. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A. 2d 172 (1973). The claimant did not suffer the loss of the use of his finger for all practical intents and purposes. Further, no construction of the provisions cited could justify the result suggested: that a substantial, but not complete,[3] loss of use of a phalange would be compensable, but a substantial, but not complete loss of use of an entire finger would not.

ORDER

AND NOW, this 5th day of December, 1974, the appeal herein is dismissed and the Order of the Workmen's Compensation Appeal Board is affirmed.

---

[3] Meaning, a loss of use for all practical intents and purposes.