Paul Burkey, Petitioner v. Workmen's Compensation Appeal Board (North American Rockwell), Respondents.

Argued April 4, 1983 before Judges BLATT, MAC-PHAIL and DOYLE. Reargued December 6, 1983, before

President Judge CRUMLISH, JR., and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Marc S. Jacobs, Galfand, Berger, Senesky, Lurie & March,* for petitioner.

*D. Frederick Muth, Rhoda, Stoudt & Bradley,* for respondent, North American Rockwell.

OPINION BY JUDGE DOYLE, March 1, 1984:

This case involves a claim by Paul E. Burkey (Claimant) for compensation for the loss of use of one-half of his right thumb under Section 306(c) of The Pennsylvania Workmen's Compensation Act[1] (Act). Claimant sustained a work-related injury to his thumb while operating a rip saw. A referee's award for loss of use of one-half of the thumb was set aside by the Workmen's Compensation Appeal Board (Board) and was remanded to the referee for a determination of

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

whether the Claimant had lost the use of one-half of his thumb for all practical intents and purposes.[2] On remand, the referee, without taking further evidence, concluded that Claimant had failed to prove a loss of use of one-half of the thumb for all practical intents and purposes and disallowed compensation. The Board affirmed and appeal to this Court followed.

The sole issue raised by Claimant in this appeal is whether the Board erred in remanding the initial decision of the referee. Claimant urges that the remand was error because the initial decision was based on substantial competent evidence and included findings of fact on all crucial issues. The Board urges that the initial decision lacked a finding of fact on a crucial issue and that the remand was therefore proper. *Forbes Pavillion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975) ; *see also L & S Tasta Pizza, Inc. v. Lundy,* 27 Pa. Commonwealth Ct. 373, 366 A.2d 592 (1976).

The pivotal finding of fact by the referee in the initial decision is as follows:

12. Based on the claimant's unrefuted medical evidence the Referee finds that the claimant suffered *a 50% permanent loss of function of the right thumb as a whole* as a result of the injury sustained on December 3, 1974. (Emphasis added.)

The referee concluded:

Claimant proved by sufficient competent evidence that he sustained an injury on December

---

[2] Claimant appealed the Board's remand to this Court; we deemed the Board's order interlocutory and quashed the appeal. *Burkey v. Workmen's Compensation Appeal Board,* (No. 1563 C1979, filed April 23, 1980).

3, 1974 to his right thumb which subsequently resolved into a permanent ½ *loss of use of the right thumb as a whole,* entitling claimant to compensation for a period of 50 weeks, within the meaning of the sections 306(c)(9), 306(c)-(16) and 306(c)(24).[3]　(Emphasis added.)

Section 306(c)(9) of the Act provides compensation at 66 2/3% of wages for a period of 100 weeks for loss of a thumb; Section 306(c)(16) provides compensation at the same rate for half the number of weeks for loss of half the thumb; Section 306(c)(24) provides in pertinent part: "Permanent loss of the use of a hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe, shall be considered as the equivalent of the loss of such hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe."

At issue, then, is whether, under Section 306(c)-(24), permanent loss of partial use of a bodily part is equivalent to the loss of a corresponding portion of that bodily part. We are constrained to hold that it is not. Section 306(c)(24) expressly equates the total loss of use of a bodily part with the actual physical loss of that bodily part. For example, if one permanently loses the use of one's left leg for all practical intents and purposes it is as though, except for appearance, one no longer has the leg. A fair reading of the section makes it clear also that the total loss of use of a portion of a bodily part is equivalent to the actual physical loss of that portion of the bodily part. *Sims v. American Can Company,* 6 Pa. Commonwealth Ct. 423, 296 A.2d 290 (1972). For example, if one loses the use of a portion of one's left leg, let us say through paralysis from the knee down, it is as though, except for appearance, one no longer has that portion

---

[3] 77 P.S. §§513(9), 513(16) and 513(24).

of the leg. In short, if a bodily part or a portion of it becomes useless, the statute treats it as though it were physically missing.

In the case before us, however, we are presented not with a useless bodily part, or a useless portion of a bodily part, but with a whole bodily part whose total usefulness is reduced by half, that is, an injured bodily part capable of performing only half the activities or movements of a healthy, fully functioning bodily part. Staying with our leg example, it is clear that we cannot logically reason that if one suffers a 50% reduction in the movement or usefulness of one's left leg as a whole it is the same as though 50% of the leg is physically missing. Claimant here is able to do only 50% of the things with his injured thumb that a person would be able to do with a fully functioning thumb.[4] We cannot consider this the same as though

---

[4] The only medical evidence presented was the testimony of Dr. Raffaele Paciulli. The record discloses the following colloquy between Dr. Paciulli and the cross-examining attorney:

Q. Doctor, is your estimate of a 50% disability of the right thumb based on a determination of what things Mr. Burkey can and cannot do or is that simply an anatomical evaluation of the extent of the damage to the right thumb?

A. It's not just an anatomical evaluation.

Q. How did you make the determination of a 50% disability?

A. By knowing the functional loss he has in that thumb and by experience.

Q. Does that mean that Mr. Burkey is only able to do 50% of the things that a normal person would be able to do with his right thumb? Or could you explain what you mean by a 50% disability of his right thumb?

A. By 50% disability of his right thumb I mean that his thumb functions half the function of normal thumb.

Q. You are not saying, Doctor, that half of his thumb is totally useless and the other half is perfectly all right, are you?

A. No, I'm not saying that.

half the thumb is totally useless or as if half the thumb had been physically removed; Claimant's injury is not, therefore, compensable under §306(c) of the Act.

Claimant relies on our decision in *Ney v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 381, 327 A.2d 402 (1974) for the proposition that a 50% loss of function of a thumb is compensable as a loss of half the thumb. That reliance is misplaced. *Ney* held that the loss of use of half the thumb may be established without showing the actual physical loss of any bone or tissue, and any expansion of this limited holding would be error. Our decision in that case did not alter the longstanding rule in our jurisprudence that to be compensable, loss of use of any member or any part of a member must be for all practical intents and purposes. *See e.g. Phillips v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 6, 328 A.2d 925 (1974).

We recognize, of course, that line of cases which hold that a substantial loss of functional use may be considered a loss of use for all intents and purposes compensable under Section 306(c) of the Act. *See e.g. Gindy Manufacturing Co. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 128, 378 A.2d 492 (1977) (not necessary that the injured member be of absolutely no use); *Mullen v. United States Steel Corp.,* 28 Pa. Commonwealth Ct. 19, 367 A.2d 336 (1976) (finding of loss of use is not a finding that injured member has absolutely no use.) *But see Wilkes-*

---

Q. You're saying that with reference to the entire thumb his functions half the function of a normal thumb.

A. Yes, sir.

Q. And I assume that the converse of that is that he still retains the other 50% of normal use?

A. Yes, sir.

*Barre Iron & Wire Works v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A.2d 172 (1973) (60% loss of function in lower leg held not compensable under Section 306(c)). It is clear from these cases, however, that loss of function is compensable under Section 306 only if it rises to the level of loss of use for all practical intents and purposes. *Gindy; Mullen; Wilkes-Barre Iron.* And it is this standard which the referee did not apply in making his findings of fact in the initial determination of the claim now before us. The remand of the Board was therefore proper.[5]

Accordingly, we affirm.

ORDER

Now, March 1, 1984, the order of the Workmen's Compensation Appeal Board, No. A-80797, dated February 18, 1982, is hereby affirmed.

---

[5] We note further that the findings of the referee on remand, affirmed by the Board in the order appealed here, are consistent with each other and with the applicable law and can be sustained without capricious disregard of competent evidence.