Reinhold J. Dally, Petitioner *v.* Workmen's Compensation Appeal Board (Pullman Standard), Respondents.

Argued March 15, 1984, before Judges Craig, Doyle and Palladino, sitting as a panel of three.

*Richard G. Spagnolli, McArdle, Caroselli, Spagnolli & Beachler,* for petitioner.

*Michael Relich,* with him, *Roy F. Walters, Jr., Fried, Kane, Walters and Zuschlag,* for respondents.

OPINION BY JUDGE PALLADINO, May 8, 1984:

Reinhold J. Dally (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) modifying and affirming a referee's decision concluding that his disability had resolved itself into a specific loss of use of the right, lower extremity. We affirm.

Claimant worked as an assembler and fitter for Pullman Standard (Employer). In 1968, Claimant fell from a platform at work, and caught his right foot between a moving floor sheet and a floor jig. He sustained a compound and comminuted fracture of his right ankle and foot. Claimant received workmen's compensation benefits under a compensation agreement and under several supplemental agreements with the Employer.

In 1978 the Employer filed a petition to review the provisions of the existing compensation agreement, asserting that there had been a change in the nature and character of Claimant's condition. In a hearing before a referee, both sides presented medical testimony, for Claimant, Dr. Robert McCorry, and for the Employer, Dr. Samuel Sherman. The referee accepted the testimony of Dr. Sherman, and concluded that as of March 10, 1976 all of Claimant's disability from the 1968 injury had resolved itself into the specific loss of use of Claimant's right, lower extremity.[1]

---

[1] Specific loss of use is covered under §306(c)(4) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(4).

The Board affirmed the decision of the referee, finding that the testimony, taken as a whole, supported the referee's finding of specific loss of use. The Board disagreed with the referee's finding that the loss of use was effective as of March 10, 1976.

The Board held that the date of Dr. Sherman's examination, May 2, 1978, was the first date to which the doctor could testify with a reasonable degree of medical certainty that the specific loss had become effective. Therefore, there was not sufficient evidence on the record to support the referee's March 10, 1976 effective date. The Board struck the March 10, 1976 date, substituted the May 2, 1978 date, and amended the portion of the referee's decision on payments in accordance with this substitution.

This appeal raises three issues. Claimant first argues that the testimony of Dr. Sherman does not support the conclusion of specific loss of use. Claimant's second argument challenges the substitution made by the Board for the effective date of the specific loss of use. Claimant's third argument is that the Board erred in failing to remand the case to the referee for more specific findings about the relationship of Claimant's back trouble to the right, lower extremity. We will address each argument in turn.[2]

The issue of loss of use of an extremity is a question of fact for the referee to resolve. *Klaric v. Workmen's Compensation Appeal Board,* 71 Pa. Commonwealth Ct. 91, 93, 455 A.2d 217, 218 (1983). The party seeking to establish a specific loss must show that the

---

[2] We note that our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or any necessary finding of fact was unsupported by substantial evidence. *Crucible Steel Co. v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 374, 376-377, 437 A.2d 1324, 1325 (1981).

claimant·has suffered the permanent loss of use of the injured part of his body for all practical intents and purposes. *Klaric,* 71 Pa. Commonwealth Ct. at 94, 455 A.2d at 218.

Claimant asserts that Dr. Sherman's testimony does not establish that the disability had resolved itself to a specific loss of use because at one point in his testimony Dr. Sherman used the term "industrial loss of use" to describe the condition of Claimant's foot: If this were the only testimony on the record, then we could not sustain the finding of specific loss of use.[3] We are not presented with that situation. The referee, in his position as fact finder, has to examine the testimony as a whole, and arrive at a decision based on its entirety.

We have carefully examined the record, and there is substantial evidence to support the finding of specific loss of use. Dr. Sherman, in his deposition, testified that Claimant had a fixed deformity and a frozen ankle; that this was not a functioning extremity, and that this was a functional loss of use which was permanent. We believe that this evidence, taken as a whole, is sufficient to support the finding of specific loss of use.

On the issue of the Board's substitution of the effective date, Claimant argues that because the Board did not take any additional evidence, it is precluded from making its own findings of fact. As a general rule this is true; the referee is the fact finder, and the Board may substitute its own findings of fact only when it has taken additional evidence. *Universal Cy-*

---

[3] The "all practical intents and purposes" test requires a more crippling injury than the "industrial use" test in order to bring the case within Section 306(c). *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 35, 333 A.2d 836 (1975).

*clops Steel Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

This case presents a somewhat different situation. The Board deleted the referee's finding as to the March 10, 1976 effective date of the specific loss because the finding was not supported by competent medical testimony. Dr. Sherman could not testify with medical certainty about Claimant's condition for the period of time prior to his examination of Claimant. Dr. Sherman could and did competently testify that the specific loss was effective as of the date of his examination of Claimant. No additional testimony was necessary for the Board to make this finding, and the Board did not err in doing so. We affirm the Board's finding that the specific loss of use became effective on May 2, 1978.

Claimant lastly contends that the referee and the Board failed to take into account the relationship of Claimant's back injury to the right, lower extremity injury, for purposes of determining whether Claimant was entitled to total disability benefits.[4] Claimant argues that the Board erred by failing to remand the case to the referee for more specific findings on this issue.

We find that the referee's findings of fact on this issue are clear, and no remand is necessary. The referee heard testimony from both doctors concerning the condition of Claimant's back. Claimant had suffered a mild compression fracture of his vertebrae in the

---

[4] If a specific loss injury results in a disability which is separate and distinct from that which *normally* follows such an injury, then benefits for total disability are allowed in addition to benefits for specific loss. *Truck Lubricating and Washing Co. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 495, 498-9, 421 A.2d 1251, 1254 (1980).

1968 accident. Although Dr. Sherman noted Claimant's complaints of back pain, he indicated that Claimant's fracture had healed and that there was full range of motion in his lower trunk area. Dr. Sherman felt that Claimant was not disabled to any extent as a result of any other injuries, and that Claimant's disability was confined to the specific loss of use of the right, lower extremity. The referee accepted Dr. Sherman's testimony and found that all of Claimant's disability in reference to the 1968 injury was confined to the right, lower extremity. No further findings were necessary and the Board acted correctly in not remanding the case.

Accordingly, the order of the Board modifying and affirming the decision of the referee is hereby affirmed.

ORDER

AND NOW, May 8, 1984, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.