Harry Keller, Jr., Petitioner v. Workmen's Compensation Appeal Board (Blair Strip Steel Corp.), Respondents.

478

Argued March 14, 1985, before Judges MacPhail, Barry and Colins, sitting as a panel of three.

*Phillip L. Clark, Jr., Keller, Pomerico, Leymarie & Clark, P.C.*, for petitioner.

*Richard E. Flannery, Mansell, McKee, Mitsos & Flannery*, for respondent, Blair Strip Steel Corp.

Opinion by Judge MacPhail, May 24, 1985:

Harry Keller, Jr. (Claimant) appeals from a decision by the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision to modi-

fy Claimant's disability benefits to specific loss benefits, pursuant to Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act).[1]

Claimant suffered a compensable injury while in the course of his employment with Blair Strip Steel Corporation (Employer) on June 26, 1978. Claimant was transferring a coil of steel from a tow motor when the coil slipped and damaged his left foot. Claimant received compensation for this injury at the rate of $195.33 per week.[2] He subsequently returned to work and was compensated by a February 6, 1981 supplemental agreement.[3] Employer on February 23, 1981, filed a petition for modification of the February 6, 1981 supplemental agreement, alleging that Claimant's disability resolved itself into a 100% loss of use of his left foot for all practical intents and purposes and requested that Claimant's compensation be modified effective June 26, 1978.

Following a hearing the referee found, based on the deposition and written report by Dr. Vincent P. Rogers, Claimant's treating physician, that Claimant's disability due to his June 26, 1978 work injury resolved itself into a permanent loss of 50% of his left foot for all practical intents and purposes and that Claimant did not suffer from any other disability related to this injury. The referee found that the Employer met its burden of proof to modify the compensation agreement and ordered the Employer to pay Claimant compensation at a rate of $195.33 per week commencing June 26, 1978 and continuing for 250 weeks for the 50% per-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513.

[2] The record does not reveal whether this compensation was for total or partial disability.

[3] The referee as fact finder found that Claimant was compensated upon his return to work by this February 6, 1981 supplemental agreement. While this document is not part of the record, we do not need to review it for purposes of this appeal.

480

manent loss of his left foot and an additional 25 weeks for the healing period. This award was subject to a credit to the Employer for all compensation previously paid to Claimant since June 26, 1978. The referee also denied Claimant's petition for counsel fees.

Claimant appealed the referee's decision to the Board, alleging that the referee erred in finding that a partial loss of use of the left foot is equivalent to loss of use for all practical intents and purposes. The Board affirmed the referee.[4] This appeal followed.

It is well established that in a specific loss case, the proper test is whether Claimant has a permanent loss of use of a part of his body for all practical intents and purposes and it is not necessary that the injured part of his body be of absolutely no use in order to qualify for specific loss benefits.[5] Where the party with the burden of proof prevailed before the referee and the Board took no additional evidence, our scope of review is limited to whether constitutional rights were violated, an error of law was committed or necessary findings by the referee were not supported by substantial evidence.[6]

The referee specifically relied on the deposition and written report by Dr. Rogers, which was the only medical evidence of record, to find that Claimant had a permanent partial or 50% loss of use of his left foot for all practical intents and purposes. In this written

[4] The Board's decision stated that Claimant appealed two issues: 1) the referee's finding that a partial loss of use of the left foot is equivalent to a loss of use for all practical intents and purposes and 2) the referee's denial of counsel fees. The Board affirmed the referee on both issues. Even though the Claimant only stated the first issue in his appeal to the Board, since the Board addressed both issues, we will review both issues.

[5] *Klaric v. Workmen's Compensation Appeal Board (National Castings)*, 71 Pa. Commonwealth Ct. 91, 455 A.2d 217 (1983).

[6] *United States Steel Corporation v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 434, 430 A.2d 349 (1981).

report by Dr. Rogers dated June 9, 1981, Dr. Rogers stated that in his medical opinion:

Mr. Keller had recovered from all other injuries sustained at his work injury on June 26, 1978, within one month of the injury and his treatment for the left foot continued beyond that time. From that time on his *loss of use of the left foot of 50%, for all practical intents and purposes* was ongoing. When it had not resolved by August 29, 1980, it was determined that nothing further could be done for his problem. (Emphasis added.)

When Dr. Rogers was deposed, he stated the following during cross-examination:

Q. This injury to this man's leg, to Mr. Keller's leg that you described, do they—would you say based upon a reasonable certainty, that he has or has not suffered the loss of the—a permanent loss of the use of that member, for all practical intents and purposes?

Mr. Flannery: I want to object for the record. Dr. Rogers did not testify with respect to the leg. He testified with respect to the left foot.

Mr. Keller: I beg your pardon.

Q. With reference to the injuries you described, if it were to the left foot or wherever they were, would you be able to express an opinion as to whether those injuries caused this man to suffer the permanent loss of the use of that leg for all practical intents and purposes of the left foot?

A. They did not.[7]

---

[7] While counsel's question leaves much to be desired by way of clarity, we believe that Dr. Rogers was directing his answer to the effect of the injury on the left foot, not the leg.

In *Burkey v. Workmen's Compensation Appeal Board (North American Rockwell)*, 80 Pa. Commonwealth Ct. 540, 471 A.2d 1325 (1984), we specifically stated that permanent loss of partial use of a bodily part is not the equivalent to the loss of a corresponding portion of that bodily part. In *Burkey*, the claimant permanently lost 50% use of his right thumb, which we stated was not "the same as though half the thumb is totally useless or as if half the thumb had been physically removed; Claimant's injury is not, therefore, compensable under §306(c) of the Act." *Id.* at 544-45, 471 A.2d at 1327-28.

In light of our *Burkey* decision, we hold that the Board committed an error of law in finding that Claimant's permanent partial or 50% loss of use of his left foot was a loss of use for all practical intents and purposes, compensable under Section 306(c) of the Act. A review of the evidence in the instant case reveals that Dr. Rogers' written report states that Claimant lost 50% use of his left foot for all intents and purposes, but a permanent loss of partial use, in this case as in *Burkey*, a 50% loss of use, is not the equivalent of the loss of use for all practical intents and purposes under Section 306(c) of the Act. Dr. Rogers specifically testified that Claimant had *not* lost the use of his left foot for all practical intents and purposes, which would have been a compensable injury under Section 306(c) of the Act, because as we stated in *Burkey*, a total loss of use of a portion of a bodily part is equivalent to the actual physical loss of that portion of the bodily part. We, therefore, reverse that part of the Board's decision which holds that Claimant's 50% permanent loss of use of his left foot is a loss of use for all practical intents and purposes compensable under Section 306(c) of the Act.

Addressing Claimant's petition for counsel fees, we believe that the referee properly found a reasonable

basis for the Employer to contest liability,[8] and we affirm that part of the Board's decision which affirms the referee's denial of Claimant's petition for counsel fees.

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-82645, dated January 5, 1984, is reversed in part, insofar as it modifies Claimant's disability benefits, and affirmed in part, insofar as it affirms the referee's denial of counsel fees.

---

[8] *See* Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §996.