530 A.2d 978

Daniel Freeman, Petitioner *v.* Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.), Respondents.

Argued March 27, 1987, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Ada Guyton,* for petitioner.

*Michael Relich,* with him, *Roy F. Walters, Jr.,* and *Michael D. Sherman, Fried, Kane, Walters & Zuschlag,* for respondent, Jones & Laughlin Steel Corp.

OPINION BY JUDGE BARRY, August 27, 1987:

This is an appeal by Daniel Freeman, claimant, from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision to grant employer Jones & Laughlin Steel Corporation's Modification Petition.

On February 4, 1981 Freeman injured his right thumb while in the course of employment. He received total disability benefits. On August 21, 1982 employer filed a Petition for Modification alleging that as of Feb-

ruary 4, 1981[1] claimant's disability had resolved into a specific loss of use of one-half the right thumb. At the referee's hearing, the employer presented the deposition of Dr. Joseph Imbriglia.[2] The referee, after consideration of all the evidence, ruled that employer effectively demonstrated that claimant's injury was of the nature of a specific loss of use of the right thumb for all practical intents and purposes. The Board affirmed. On appeal, claimant argues simply that Dr. Imbriglia's testimony supports a loss of use under the industrial use test[3] but not under the test for loss of use for all practical intents and purposes. The referee and Board, contends claimant, by accepting Dr. Imbriglia's testimony, have applied the industrial use test.

Our scope of review is limited to determining whether findings are supported by substantial evidence in the record, an error of law was committed or any constitutional rights violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Section 306(c)(9) of the Pennsylvania Workmen's Compensation Act (Act)[4] reads in relevant part "[f]or all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: (9) For the loss of a thumb, sixty-six and two-thirds per centum of wages during one hundred weeks." Section 306(c)(16) of the Act, 77 P.S. §513(16), provides

---

[1] Employer sought a credit for all compensation payments made up until that point.

[2] The burden of proof is on the employer to show that a disability has resolved itself and it is resolved into a specific loss of use. *Dally v. Workmen's Compensation Appeal Board,* 82 Pa. Commonwealth Ct. 291, 474 A.2d 1215 (1984).

[3] The legislature by the Act of June 4, 1937, P.L. 1552 inserted in Section 306(c) the phrase "for industrial purposes". This phrase was removed by the Act of June 21, 1939, P.L. 520.

[4] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

compensation at that same rate for fifty weeks for loss of *half* the thumb. We must determine, then, considering the record as a whole, whether there is substantial competent evidence to support the referee's findings and conclusions that claimant suffers from a permanent loss of use of half of his thumb for all practical intents and purposes. We affirm.

The proper test in determining eligibility under Section 306(c) is:

> The test to be applied is whether the claimant has suffered '*the permanent loss of use of the injured member for all practical intents and purposes.*' This is not the same test as the 'industrial use' test although the two would often bring the same result if applied in particular cases. Generally, the 'all practical intents and purpose' test requires a more crippling injury than the 'industrial use' test in order to bring the case under Section 306(c) supra. However it is not necessary that the injured member of the claimant be of absolutely no use in order for him to have lost the use of it for all practical intents and purposes. (Emphasis added.)

*McGraw Edison/Power Systems Div. v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 111, 114, 439 A.2d 868, 870 (1982).

In *Burkey v. Workmen's Compensation Appeal Board (North American Rockwell),* 80 Pa. Commonwealth Ct. 540, 544, 471 A.2d 1325, 1327 (1984), we said that Section 306(c)(24) of the Act, 77 P.S. §513(24), "expressly equates the total loss of use of a bodily part with the actual physical loss of that bodily part." Section 306(c)(24) reads:

> (24) Amputation at the wrist shall be considered as the equivalent of the loss of a hand, and amputation at the ankle shall be considered

as the equivalent of the loss of foot. Amputation between the wrist and the elbow shall be considered as the loss of a forearm, and amputation between the ankle and the knee shall be considered as the loss of a lower leg. Amputation at or above the elbow shall be considered as the loss of an arm and amputation at or above the knee shall be considered as the loss of a leg. *Permanent loss of the use of a hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe, shall be considered as the equivalent of the loss of such hand, arm, foot, leg, eye, finger, or thumb, great toe to other toe.* (Emphasis added.)

We concluded in *Burkey* that a total loss of use of a portion of a bodily part would be a loss for all intents and purposes because it is equivalent to the actual physical loss of that portion of the bodily part. We affirmed the denial of benefits in *Burkey* because the referee found that Burkey suffered from a 50% loss of *function* of the right thumb. In other words, claimant was able to do only 50% of the things with his thumb that a person with a normally functioning thumb could perform. In *Burkey,* the court attempted to illustrate the difference, in that case, between the concepts of *"loss of use"* of a bodily part or a portion of a bodily part and a *"reduction in function"* of a bodily part:

> In the case before us, however, we are presented not with a useless bodily part, or a useless portion of a bodily part, but with a whole bodily part whose total usefulness is reduced by half, that is, an injured bodily part capable of performing only half the activities or movements of a healthy, fully functioning bodily part.

8 Pa. Commonwealth Ct. at 544, 471 A.2d at 1327.

Contrary to *Burkey,* Dr. Imbriglia, in the present case, testified that claimant had lost all of the function of

one-half of his thumb, the injury being at the metacarpal phalangeal joint, which is the middle joint of the thumb. He opined that claimant had a fifty percent loss of the use of his right thumb for all practical intents and purposes.

Claimant maintains that in a portion of his testimony Dr. Imbriglia opined that claimant incurred a loss of fifty percent as far as doing heavy manual labor and that nowhere does employer show that the fifty percent (50%) loss noted by Dr. Imbriglia is so severe as to equal the actual physical loss of the thumb or half of the thumb. This, claimant argues, is possibly indicative of a loss of use under the less strenuous industrial use test but not under the more stringent "for all practical intents and purposes" test. Here, Dr. Imbriglia's testimony, which was accepted by the referee, clearly shows that claimant has suffered the loss of the use of a portion of the thumb—the metacarpal phalangeal joint of the right thumb and that, as a result, he sustained a 100% loss of use of 50% of his thumb.[5] Dr. Imbriglia's reference to the fifty percent loss in performance of heavy manual labor must be viewed so that the sole mention of heavy manual labor in no way shows that the industrial use test was being used. Further, the reference to 50% obviously refers, as previously explained, to 100% loss of use of one-half of the thumb. In workmen's compensation cases, it is the function of the referee to resolve internal inconsistencies in the testimony. *K-Mart Corporation v. Workmen's Compensation Appeal*

---

[5] Dr. Imbriglia testified that the ligaments were not holding the joint together and that the thumb when placed under pressure would deviate from side to side; that the instability of the joint restricted the thumb's motion, that x-rays revealed this instability and abnormal deviation, that arthritis was developing within the joint and that the thumb showed other problems as a result of surgery.

*Board,* 56 Pa. Commonwealth Ct. 52, 424 A.2d 956 (1981). After reviewing the record we believe the testimony as a whole supports the findings that employer has shown a loss for all practical intents and purposes under Section 306(c)(9) and (24) and we affirm the Board.

### ORDER

Now, August 27, 1987, the order of the Workmen's Compensation Appeal Board, dated March 8, 1984, at No. A-86842, is affirmed.