537 A.2d 83

James Shrout, Petitioner *v.* Workmen's Compensation Appeal Board (Cyclops Corporation), Respondents.

Submitted on briefs October 9, 1987, to Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Samuel S. Blaufeld, Blaufeld & Schiller,* for petitioner.

*Stanley G. Berlin, Plate, Shapira, Hutzelman, Berlin, May, Walsh and Brabender,* for respondents, Cyclops Corporation.

OPINION BY JUDGE BARRY, February 8, 1988:

James Shrout, the claimant, appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee denying claimant benefits for the loss of use of his thumb for all practical intents and purposes. Section 306(c) of the Pennsylvania Workmen's Compensation Appeal Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513 (Supp. 1987).

On October 21, 1983, the claimant was injured while working for the Cyclops Corporation when his thumb was caught in a grinding machine. He collected benefits for approximately four months until his retirement, at which time he signed a final receipt. In August of 1984 he filed a petition to set aside the final receipt, alleging that he had lost the use of his thumb for all practical intents and purposes. Both the claimant and the employer presented medical experts. Both experts agreed that the interphalangeal (or distal) joint of the right thumb was permanently bent at thirty degrees and that the claimant could not actively move that joint. Dr. Basil Marryshow, claimant's expert, opined that the claimant had lost the use of his right thumb for all intents and purposes. Dr. David Mir, the employer's expert, testified that despite the problem, claimant could

still do a number of tasks, such as use a hammer, dress himself and fasten buttons using the right hand. Dr. Mir testified that he did not believe the claimant had lost the use of his right thumb. At the hearing, the referee observed the claimant pick up a coin and pick up a pen and write his name, both tasks being done with the right hand. The referee denied claimant's petition to set aside the final receipt. On appeal, the Board affirmed and this appeal followed.

Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed and whether all necessary factual findings are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). The claimant contends that the referee and the Board committed an error of law by applying an incorrect legal standard.

Section 306(c) of the Act specifically provides, "The loss of the first phalange of the thumb shall be considered the loss of the thumb. The loss of a substantial part of the first phalange of the thumb shall be considered the loss of one-half of the thumb." 77 P.S. §513(14) (Supp. 1987). A major point of disagreement existed between the medical experts concerning what constituted the thumb. Dr. Marryshow testified that the thumb had only one joint, the interphalangeal joint. Dr. Mir, on the other hand, testified that the thumb actually begins at the wrist. Both doctors agreed that claimant had no limitations on the range of motion in the joints which connect the thumb to both the palm of the hand and the wrist. Because of this motion in these two joints, the referee accepted Dr. Mir's testimony that the claimant had not lost the use of his thumb for all practical intents and purposes.

We need not be drawn into this controversy between the medical experts, as the Legislature has cho-

sen to define the thumb as the first phalange. 77 P.S. §513(14). We believe this case is controlld by *Yaklich v. Union Collieries,* 158 Pa. Superior Ct. 55, 43 A.2d 591 (1945). The Court stated:

> According to the testimony of Dr. Jamison, the claimant has permanently lost the use of the distal joint or first phalange of his left thumb. Therefore, for all practical intents and purposes, he has lost the first phalange of his thumb to the same effect and extent as if it had been amputated or otherwise physically removed, and consequently, he has suffered the 'loss' within the terms of the Act. . . .

*Id.* at 59-60, 43 A.2d at 594.[1]

In this case, both experts testified that claimant's distal joint was permanently bent at thirty degrees and could not be moved actively. The referee neverthless concluded because claimant could use his "thumb" in certain ways that he had not suffered a compensable loss. Because of this error of law, given the Legislature's pronouncement in Section 306(c), we must reverse the Board's order. *Ney v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 381, 327 A.2d 540 (1974) (claimant may have some use of injured thumb and still have suffered a compensable loss of use of that thumb for specific loss purposes).

## ORDER

Now, February 8, 1988, the order of the Workmen's Compensation Appeal Board, dated November 21, 1986, at No. A-90651 is reversed.

---

[1] At the time *Yaklich* was decided, the Act provided that loss of the first phalange constituted the loss of one-half of the thumb. For our purposes, however, this is of no moment.

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent. Petitioner asserts the referee ignored the language of 306(c)(14) of The Pennsylvania Workmen's Compensation Act[1] (Act): "The loss of the first phalange of the thumb shall be considered the loss of the thumb. The loss of a substantial part of the first phalange of the thumb shall be considered the loss of one-half of the thumb." I do not believe the referee's decision is contrary to the quoted statute, and I would, therefore, affirm.

In *Burkey v. Workmen's Compensation Appeal Board (North American Rockwell)*, 80 Pa. Commonwealth Ct. 540, 471 A.2d 1325 (1984), this court interpreted Section 306(c)(24) of the Act to mean that "if a bodily part or a portion of it becomes useless, the statute treats it as though it were physically missing." *Id.* at 544, 471 A.2d at 1327. More importantly, that case held that "loss of function is compensable under Section 306 only if it rises to the level of loss of use for all practical intents and purposes." *Id.* at 546, 471 A.2d at 1328.

In the present case, the medical testimony as to loss of use was conflicting, and the referee resolved conflicts in favor of Employer's witness. Thus, the referee concluded that Petitioner had not, in fact, lost the use of his thumb for all practical intents and purposes. The majority states that this was an error of law because of the language of Section 306(c). I cannot agree. Loss of use is a question of fact for the referee. *Gindy Manufacturing Co. v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 128, 378 A.2d 492 (1977). The language of Section 306(c) is not intended by the legislature to restrict the role of the referee as fact finder. The

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513.

referee found that Petitioner has not suffered loss of use for all practical intents and purposes. Accordingly, I would affirm.