546 A.2d 1322

Thomas Olszewski, Petitioner *v.* Workmen's Compensation Appeal Board (McGraw Edison Company), Respondents.

Argued May 23, 1988, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Leonard P. Kane*, with him, *Michael E. Relich, Fried, Kane, Walters & Zuschlag*, for petitioner.

*Daniel J. Iler, Ceisler, Richman, Sweet,* for respondent.

OPINION BY JUDGE DOYLE, August 31, 1988:

Before this Court is the appeal of Thomas Olszewski (Claimant) from the order of the Workmen's Compensation Appeal Board (Board) reversing the order of the referee which granted Claimant compensation for the loss of one-half of his left little finger under Section 306(c) of the Pennsylvania Workmen's Compensation Act[1] (Act). We affirm the Board's denial of specific loss benefits.

Claimant sustained a work-related injury to his left little finger while operating a band saw in the course of his employment for McGraw-Edison Company (Employer). The resulting laceration injury to his little finger caused Claimant to miss work for a period of several weeks, for which he received temporary total disability payments under the Act. Upon his return to work, he received temporary partial disability payments.

Subsequently, Claimant filed a reinstatement petition alleging that the residual disability in his little finger had resolved itself into a scheduled specific loss under the Act. In response, Employer filed a timely answer denying that the residual impairment in the little finger constituted a permanent loss of one-half of the finger. At a hearing before the referee, both sides submitted medical evidence, and the referee found the medical report of Claimant's expert, Basil D. Marryshow, M.D., to be more credible. Thus, the referee accepted Claimant's doctor's clinical observations that "Claimant has limitation of flexion in his MP joint, pain upon motion of that joint and a moderate numbness of

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

the dorsal aspect of that finger." On the basis of Dr. Marryshow's diagnosis, the referee concluded that "Claimant has met his burden of proof in establishing that he has sustained the permanent loss of use of one-half of his left little (4th) finger, for all practical intents and purposes within the meaning of 306(c) of the Act. . . ."

> The Board, however, reversed the referee stating: We have likewise reviewed the medical report of Dr. Marryshow dated 4/17/85. The doctor does state, in the 4/17/85 report, that in his medical opinion Claimant 'has indeed lost the use of one-half of his little finger for all practical intents and purposes.' However, the detail of the report belies that conclusion at worst, and at best it simply does not support it.

Opinion of Board at 4. The Board further concluded that not only did Dr. Marryshow's report fail to support a finding of a loss of use for all practical intents and purposes, but, in addition, the referee made an error of law by failing to apply the appropriate legal standard as set forth in our decision in *Burkey v. Workmen's Compensation Appeal Board (North American Rockwell),* 80 Pa. Commonwealth Ct. 540, 471 A.2d 1325 (1984). The instant appeal followed.

In the proceedings before the referee, Claimant, as the party seeking to establish a specific loss in a workmen's compensation case, had the burden to show that he suffered permanent loss of use to the injured part of his body for all practical intents and purposes. *Dally v. Workmen's Compensation Appeal Board (Pullman Standard),* 82 Pa. Commonwealth Ct. 291, 474 A.2d 1215 (1984). The scope of review of the Board in a workmen's compensation proceeding is limited to a determination of whether the findings of the referee are supported by substantial evidence in the record, an error

of law was committed, or any constitutional rights were violated. *McGartland v. Ampco-Pittsburgh Corp.*, 489 Pa. 205, 413 A.2d 1086 (1980). In our review of a decision by the Board, this Court is required by its scope of review to affirm the Board unless necessary findings are unsupported by substantial evidence, an error of law was committed or a constitutional right of the claimant was violated. *Rettinger v. Workmen's Compensation Appeal Board (American Can Co.)*, 103 Pa. Commonwealth Ct. 595, 520 A.2d 1252 (1987).

The sole issue presented in this matter is whether, under Sections 306(c)(16) and (24) of the Act, the permanent loss of some functional use of an entire finger is equivalent to the loss of use of one-half the finger for all practical intents and purposes. We begin our analysis by setting forth Sections 306(c)(13)(15)(16) and (24) in relevant part:

(13) For the loss of a fourth finger, commonly called little finger, sixty-six and two-thirds per centum of wages during twenty-eight weeks.

(15) The loss of any substantial part of the first phalange of a finger, or an amputation immediately below the first phalange for the purpose of providing an optimum surgical result, shall be considered loss of one-half of the finger. Any greater loss shall be considered the loss of the entire finger.

(16) And the loss of one-half of the thumb, or a finger, shall be compensated at the same rate as for the loss of a thumb or finger but for one-half of the period provided for the loss of a thumb or finger.

(24) . . . Permanent loss of the use of a hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe, shall be considered as the equivalent of the loss of such hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe.

Clearly, the plain meaning of Section 306(c)(16) provides for specific loss benefits for the *actual physical loss* of "one-half of the thumb, or a finger." However, as we observed in *Burkey,* "if a bodily part or a portion of it becomes useless, the statute treats it as though it were physically missing." *Id.* at 544, 471 A.2d at 1327. Thus, Section 306(c)(24) provides the statutory underpinning for our "loss of use for all practical intents and purposes" test by stating that the "[p]ermanent loss of use of a . . . [bodily part] shall be considered as equivalent of the loss of such . . . [bodily part]." Interpreting Sections 306(c)(16) and 306(c)(24) consistently, then, we conclude that a claimant may only receive specific loss benefits for the loss of one-half of a finger in two instances. These are: (1) where he or she has had one-half of the finger amputated; or (2) where he or she has lost the function in one-half of the finger to such an extent that it is as though the injured half of the finger were physically missing, that is, the claimant has lost the use of that one-half member for all practical intents and purposes. *Burkey.*

In the instant matter, Claimant is asking this Court to strain the plain language of Section 306(c)(16) to entitle him to an award of specific loss benefits for the loss of 50% of the functional use of his entire little finger. This we decline to do. In the alternative, Claimant's request for relief would have us reinterpret Section 306(c)(24) to equate the loss of use of one-half of a finger for all practical intents and purposes with *some* loss of functional use of the entire finger. This we also decline to do. Therefore, we agree with the Board that the instant matter is entirely analogous to our decision in *Burkey,* and, thus, the very same reasoning controls. As we stated in *Burkey:*

> In the case before us, however, we are presented not with a useless bodily part, or a useless por-

tion of a bodily part, but with a whole bodily part whose total usefulness is reduced by half, that is, an injured bodily part capable of performing only half the activities or movements of a healthy, fully functioning bodily part. . . . . Claimant here is able to do only 50% of the things with his injured thumb that a person would be able to do with a fully functioning thumb. We cannot consider this the same as though half the thumb is totally useless or as if half the thumb had been physically removed; Claimant's injury is not, therefore, compensable under §306(c) of the Act.

*Id.* at 544-45, 471 A.2d at 1327-28 (footnote omitted).

In the case at bar, Claimant's medical expert, Dr. Marryshow, medically evaluated the functional loss of use of Claimant's *entire little finger*, and he concluded that Claimant "had indeed lost the use of one-half of his left little finger for all intents and purposes." However, it is well established that an expert's conclusion must be supported by proper and relevant findings and not merely by a recitation of a legal standard. *Motor Freight Express v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 415, 429 A.2d 1272 (1981). Analyzing Dr. Marryshow's medical report, we must agree with the Board that the doctor's ultimate conclusion is unsupported by his own findings on physical examination.

Claimant's doctor conducted the physical examination by examining the function of each of the joints in the little finger. These are: (1) the distal interphalangeal joint, which is the joint closest to the fingertip; (2) the proximal interphalangeal joint, which is the joint in the middle of the finger; and (3) the metacarpal phalangeal joint, which is the knuckle. Dr. Marryshow observed that Claimant has a full range of motion in the distal

interphalangeal and proximal interphalangeal joints. He further noted that Claimant's ability to flex the metacarpal phalangeal joint is somewhat limited; Claimant experiences some pain when bending this joint, and Claimant also has some numbness in the dorsal portion of the finger.

Applying the *Burkey* test to the medical evidence presented by Claimant, we concur with the Board that Claimant's medical evidence does not support a finding that one-half of the use of the entire little finger is lost for all practical intents and purposes. We further agree with the Board that the referee committed an error of law by attempting to apply the "loss of use for all practical intents and purposes" test to a factual scenario where the injury at issue was a 50% loss of functional use of the entire finger.

Therefore, based upon the foregoing, we hereby affirm the order of the Board.

## ORDER

NOW, August 31, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

DISSENTING OPINION BY SENIOR JUDGE BARBIERI:

Most respectfully, I must record my dissent and disagreement with the view of the majority that the permanent loss of use of one-half of the Claimant's fourth or little finger for all practical intents and purposes, as found by the referee, was properly reversed by the Board in this case.

While it is true that Section 513 of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. §513, providing for specific losses of body members, contains no statutory authorization for less than the complete loss of use of a member, nevertheless, by case law loss of use of

one-half of a member has become fully compensable under Section 513 by judicial interpretation of Sub-section (16) which speaks only of *actual* loss of one-half of a member, as follows:

> (16) And the *loss* of one-half of the thumb, or a finger, shall be compensated at the same rate as for the loss of a thumb or finger but for one-half of the period provided for the loss of a thumb or finger. (Emphasis added.)

By analogy to Sub-section (16), Sub-section (24) (providing for loss of use of an entire member) provides:

> (24) . . . Permanent *loss of the use* of a hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe, shall be considered as the equivalent of the loss of such hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe. (Emphasis added.)

Authority for awards for *loss of use* of one-half of a member was first found in the Superior Court case of *Yaklich v. Union Collieries Co.,* 158 Pa. Superior Ct. 55, 43 A.2d 591 (1945), where the Superior Court held on the basis that the statute should be interpreted liberally in favor of claimants, that, therefore, medical testimony that the claimant had "lost one-half of the use of the thumb permanently" would support an award for one-half the loss of the thumb.

For these many decades since the decision in *Yaklich* our courts have similarly sustained awards for one-half the loss of use of a member where the loss was permanent and if the function impairment of the member is to the extent that it may be described as its usefulness is lost for all practical intents and purposes. This Court followed *Yaklich* in *American Can Co. v. Sims,* 6 Pa. Commonwealth Ct. 423, 296 A.2d 290 (1972), noting that the reasoning in *Yaklich*, in its interpretation of the legislation "in 1945, has never been

changed by the Legislature." Since then, cases such as this one have been decided pursuant to this interpretation and there has never been any additional requirement in determining loss of use of one-half of a member. Now, however, it is argued by the majority, that a stricter test should be required, relying upon our decision in *Burkey v. Workmen's Compensation Appeal Board (North American Rockwell)*, 80 Pa. Commonwealth Ct. 540, 471 A.2d 1325 (1984). While I believe that *Burkey* is distinguishable, as will be noted hereafter, my disagreement with the conclusion reached by the majority is not based upon any distinction in this case from pronouncements in *Burkey*, but my disagreement is on the basis that the Board, citing *Burkey*, in my opinion gratuitously, reversed a referee's finding which was based upon medical testimony which has always been considered by our appellate courts, including our Supreme Court, to be the proper test for determining loss or loss of use of a body member. In *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1975), the Supreme Court laid down the rule of proof required to establish "loss" as follows:[1]

> In twenty-one numbered subsections of Section 306(c), the legislature has provided that permanent specific losses of certain enumerated parts of the body are to be compensated in accordance with a prescribed schedule. In twenty of these subsections the mere permanent 'loss' of the injured member is compensable. Thus, for example, the permanent loss of a hand or the permanent loss of a foot is compensable. In construing these twenty subsections our courts have

---

[1] While *Hartlieb* was concerned with Sub-section (8) of Section 306(c), hearing loss, the language quoted has to do with all sub-sections of Section 306(c).

determined it is not necessary that the injured part of the anatomy be of absolutely no use in order for the injured claimant to qualify for compensation. *Rather, the proper test to be applied is whether the claimant has suffered the permanent loss of use of the injured member 'for all practical intents and purposes.'* Curran v. Walter E. Knipe and Sons, Inc., 185 Pa. Super. 450, [sic]. 547; 138 A.2d 251, 255 (1958). See also Wall v. Workmen's Compensation Appeal Board, 12 Pa. Cmwlth. 12, 315 A.2d 656 (1974); Hershey Estates v. Workmen's Compensation Appeal Board, 9 Pa. Cmwlth. 470, 380 A.2d 637 (1973). (Emphasis added.) (Footnote omitted.)

Most directly on point is our decision in *Teledyne Penn Union Electric v. Workmen's Compensation Appeal Board (Burge)*, 39 Pa. Commonwealth Ct. 265, 392 A.2d 359 (1978), where precisely as in this case the referee's award was for loss of the use of one-half of the claimant's little finger of his left hand. In affirming the finding that the claimant had "proven the loss of use of one-half of his fourth or little finger," we stated:

A finding of loss of use under Section 306(c) is a finding of loss of use for all practical intents and purposes within the liberally construed permanent-loss provision of the Act. Mullen v. U.S. Steel Corp., 28 Pa. Cmwlth. 19, 367 A.2d 336 (1976). And such a finding is, of course, made in the light of this Court's prior holding that Section 306(c) should be construed so that every reasonable intendment of its express language should be upheld in behalf of the employee. Sims v. American Can Co., 6 Pa. Cmwlth. 423, 296 A.2d 290 (1972).

Turning to the instant case, the injured finger was displayed to the referee in a hearing, Claimant testified

concerning his difficulties with this finger, and the medical witness whose testimony was accepted by the referee gave the following opinion:

> It is therefore my impression and again based upon a reasonable degree of medical certainty that the deformities outlined are *permanent* and that Mr. Olszewski has indeed *lost the use of one-half of his left little finger for all practical intents and purposes.* (Emphasis added). (R.R. 5a).[2]

It goes without saying, and settled in the law, as pointed out by Judge PALLADINO in *Dally v. Workmen's Compensation Appeal Board (Pullman Standard)*, 82 Pa. Commonwealth Ct. 291, 474 A.2d 1215 (1984), that "[t]he issue of loss of use of an extremity is a question of fact for the referee to resolve."

Indeed, the Board in the instant case while feeling obligated to reverse the referee under its interpretation of our decision in *Burkey*,[3] expressed its frustration as follows:

> It is regrettable that the case law of Burkey causes us to Reverse the award. The finger deformity noted in this case, and in others, reinforces our belief that the Act would better serve its stated purpose if it included the potential for

---

[2] We note that is is not necessary to support an award that the impaired member be of no use, but "substantial loss of functional use" will satisfy the requirement of loss of use for all practical intents and purposes. *Burkey, Hartlieb* and *Gindy Mfg. Co. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 128, 378 A.2d 492 (1977).

[3] *Burkey* is distinguishable in that the ruling there was that the Board properly required that a referee base compensability for loss of use on the time-honored rule that "the loss of function . . . rises to the level of loss of use for all practical intents and purposes."

hand and finger disfigurement awards as well as for the face and neck. (R.R. p. 5a).[4]

It is indeed regrettable that the view of the Board and the majority will leave this injured Claimant with a disability for which she will receive no compensation whatsoever. This was not the intent of the legislators in enacting and amending the provisions of The Pennsylvania Workmen's Compensation Act.[5] Therefore, I dissent.

---

[4] The Board does not, nor does the majority, point to any alleged lack of sufficient evidence to support the referee's findings as to loss of use.

We note in passing that *Burkey* was decided on March 1, 1984, while the injuries in this case and in the companion cases decided that date, occurred *Olszewski* July 26, 1984, *Tonecha* March 15, 1983 and *Shields* August 28, 1983.

[5] It would be an incredible interpretation that a man who has lost one-half the use of his entire finger would get nothing while a man who had lost the use of only a segment of a finger would get paid for half the loss of the entire finger.