Fisher Body Division of GMC, Petitioner *v.* Workmen's Compensation Appeal Board (Kender), Respondents.

Submitted on briefs May 10, 1985, to Judges Mac-Phail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*P. Ronald Cooper, Reding, Rea & Cooper, P.C.,* for petitioner.

*Fory L. Musser, III,* for respondent, Raymond W. Kender.

Opinion by Judge Colins, July 16, 1985:

Petitioner, the Fisher Body Division of GMC (Employer), appeals the decision of the Workmen's Compensation Appeal Board (Board), affirming the referee's award of compensation under Section 306(c) of the Pennsylvania Workmen's Compensation Act (Act),[1] pertaining to compensation for permanent loss of a body part. The referee awarded the claimant, Raymond W. Kender, partial disability, 41 weeks of compensation for permanent loss of the use of one-half of claimant's middle and ring fingers, and directed employer to pay claimant's attorney fees be-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

cause there was no reasonable basis for a contest. The computation of 41 weeks was apparently reached by adding 20 weeks for the permanent loss of use of the middle finger, 15 weeks for the permanent loss of use of the ring finger, and 6 weeks for a healing period. The Board reversed the referee's award of partial disability, ordered that the award of attorney's fees be paid out of claimant's award, and affirmed the award of compensation for specific loss for 41 weeks.

Claimant was injured on July 17, 1982 while at work as a welder operator. The dorsa of the index finger, the middle finger and the ring finger of his left hand were injured. Claimant testified at the hearing before the referee as to the permanent loss of partial use of his fingers. The written report of Dr. Katz, offered by the employer, contained the opinion that claimant had suffered a permanent impairment of function of 30% in his left index finger, 50% in his left middle finger, and 40% in his left ring finger, as a result of the work-related incident.

Employer argues that the permanent loss of use of a finger is not equivalent to a complete loss of a corresponding portion of that finger and that in order to receive compensation for loss of use of an extremity under Section 306(c), he must prove that he has suffered permanent partial loss of use of the injured part of his body for all practical intents and purposes. Claimant argues that the permanent loss of use of one-half of a finger should be compensated at the same rate as the loss of one-half of a finger.

Our scope of review in cases where the claimant has sustained his burden is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. *Cox v. Workmen's Compensation Appeal*

*Board,* 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981).

The claimant must show that he has suffered a permanent loss of use of the injured member for all practical intents and purposes. The degree of impairment is a question of fact to be determined by the referee. *Dally v. Workmen's Compensation Appeal Board,* 82 Pa. Commonwealth Ct. 291, 474 A.2d 1215 (1984). However, as we recently stated in *Burkey v. Workmen's Compensation Appeal Board,* 80 Pa. Commonwealth Ct. 540, 471 A.2d 1325 (1984), the permanent loss of the partial use of a bodily part is not equivalent to the loss of the same portion of that bodily part in order to determine whether the claimant is entitled to compensation. We found that the claimant's permanent loss of partial use of his thumb was not the same as, or equivalent to, the actual loss of that part of the thumb and that, therefore, the claimant was not entitled to receive compensation under §306(c). In *Burkey,* where the claimant suffered a 50% permanent loss of function of his thumb, we stated that:

> In the case before us, however, we are presented not with a useless bodily part, or a useless portion of a bodily part, but with a whole bodily part whose total usefulness is reduced by half, that is, an injured bodily part capable of performing only half the activities or movements of a healthy fully functioning bodily part. Staying with our leg example, it is clear that we cannot logically reason that if one suffers a 50% reduction in the movement of usefulness of one's left leg as a whole it is the same as though 50% of the leg is physically missing. Claimant here is able to do only 50% of the things with his injured thumb that a person would be able to do with a fully functioning

thumb. We cannot consider this the same as though half the thumb had been physically removed; Claimant's injury is not, therefore, compensable under §306(c) of the Act. (Footnote omitted.)

*Id.* at 554, 471 A.2d at 1327. A reading of the record indicates that petitioner was able to continue work and did have some use of his fingers, albeit not the full range of motion previously possessed. Therefore, the injury does not rise to a permanent loss of use of one-half of the member for all practical intents and purposes.

Accordingly, we reverse the order. of the Board insofar as it relates to the award of 41 weeks disability.

## ORDER

AND Now, July 16, 1985, we reverse that part of the order of the Workmen's Compensation Appeal Board at No. A-86647, dated March 29, 1984, affirming the award of 41 weeks disability.