## Owens v. City of Philadelphia

Samuel S. Davis, for plaintiffs.

Leonard R. Parks, chief assistant city solicitor, for defendants.

CAESAR, J., April 3, 1987—On November 4, 1985, after a non-jury trial, this court entered a verdict in favor of plaintiffs, John and Joan Owens, and against defendants, the City of Philadelphia and Cornell Thompson, in the amount of $353,379.29 plus interest. Defendants filed timely post-trial motions for judgment notwithstanding the verdict or, in the alternative, for a new trial or remittitur. Plaintiffs filed a timely response to defendants' motions.

The pertinent facts are as follows: On February 8, 1980, plaintiff was inside a parked truck from which he was unloading merchandise when it was struck by a trash truck owned by the City of Philadelphia and driven by a municipal employee, Cornell Thompson. The impact of the collision hurled plaintiff against the side of the truck and knocked him down. As he fell, his back twisted, and he was struck by falling cartons of canned goods. As a result of the accident, plaintiff sustained an injury to his back which permanently reduced the range of motion of his lower back by 20 percent. Plaintiff returned to work after 47 weeks, but his injuries left him unable to effectively carry out the duties he had before the accident. Eventually his job was changed from one involving loading and unloading individual cases and cartons to driving a tractor-trailer. In

this position goods were delivered on pallets, with much less involvement of plaintiff's back. Since the accident, plaintiff has been in constant pain and is unable to participate in activities which he had previously enjoyed.

This court concluded that plaintiff's injury was caused by defendant's negligent operation of a municipal vehicle, and that the 20 percent loss of motion in plaintiff's back constituted a permanent loss of a bodily function.

The court assessed damages for earnings and lost earning capacity in the amount of $168,379.29, and for pain and suffering, in the amount of $185,000. Upon motion of plaintiff, the court added delay damages of $164,321.37.

In its post-trial motions, defendant, the City of Philadelphia, does not challenge the court's finding of negligence, but claims that the court's award of damages for pain and suffering is barred under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. Under that act damages for pain and suffering are recoverable only where death occurs or "only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses . . . are in excess of $1500." 42 Pa.C.S. §8553(c)(2). Defendant contends that "permanent loss of bodily function" is limited to the actual disjoining of a bodily part or the "functional equivalent of dismemberment." In other words, the City maintains, damages under the Tort Claims Act can only be awarded when the claimant has suffered a permanent and total loss of use of a bodily part. Defendant argues that a 20 percent permanent loss of range of motion of a person's lower back does not constitute a "permanent loss of bodily function,"

and therefore the court's award for pain and suffering is improper.

## THE POLITICAL SUBDIVISION TORT CLAIMS ACT

As applicable to this case, The Political Subdivision Tort Claims Act 42 Pa.C.S. §8541 et seq. sets up a general immunity of local agencies for damages on account of injury caused by an act of the local agency or its employee. An exception was carved out for acts involving operation of a motor vehicle in the possession or control of the local agency. The local agency is liable if:

(1) The damages were recoverable under common law if the injuries were caused by a person not having available a defense under §8541 (relating to governmental immunity generally); and

(2) The act was caused by the negligent acts of an employee of the local agency acting within the scope of his duties. 42 Pa.C.S. §8542(a).

If the local agency is liable, damages are limited to:

(1) Past or future loss of earnings and earnings capacity.

(2) Pain and suffering only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses . . . are in excess of $1500.

(3) Medical and dental expenses.

(4) Loss of consortium.

(5) Loss of support.

(6) Property losses. 42 Pa.C.S. §8553(c).

The act further places a cap on damages of $500,000, 42 Pa.C.S. §8549, and provides for deduction of benefits received by the claimant from in-

surance, 42 Pa.C.S. §8553(d).

In other words, the Tort Claims Act gives claimant injured by a vehicle controlled by a local agency, as in this case, a modified but otherwise traditional common law tort recovery, subject to certain thresholds and caps.

## "PERMANENT LOSS OF A BODILY FUNCTION"

### *The Case Law*

As previously noted, this case turns on the interpretation of the phrase "permanent loss of a bodily function." As interpreted by this court, the phrase embraces a diminution of function in the nature of a permanent loss of range of motion to a degree that is statistically significant.

Whether a diminution of range of motion can constitute "a permanent loss of bodily function" appears to be a matter of first impression.

The court has reviewed the law of other jurisdictions as well as that of this commonwealth and found only one case in which a court construed the term "permanent loss of a bodily function." In *Savitt v. City of Philadelphia,* 557 F. Supp. 321 (D.C. Pa. 1983), the district court determined that "permanent loss of a bodily function," as used in the Pennsylvania Tort Claims Act meant "(plaintiff), as a (proximate) result of the accident, can no longer perform a physical act or acts which she was capable of performing prior to the injury proximately resulting from the accident, and that this loss of bodily function is permanent, that is, that this loss of bodily function will exist for the remainder of her (Mrs. Savitt's) life." 557 F. Supp. at 328. The district court rejected defendant's argument that plaintiff must have lost a limb or portion of her body in

order to have sustained a loss of bodily function within the meaning of the statute, concluding that "had the legislature intended that the term 'loss of bodily function' have the meaning sought by defendants, the words 'permanent dismemberment' and 'permanent disfigurement' in the same section . . . of the statute would be meaningless." Id. at 329.

This court agrees with the reasoning of the United States District Court that "permanent loss of a bodily function" includes, as one of its meanings, that one can no longer perform physical acts which one was capable of performing prior to the accident and as a result of the accident. Further, this court found that because plaintiff's ability to rotate his body was permanently restricted, and produced pain to the extent he was able to rotate it, he was no longer able to do many of the acts necessary to perform his job, carry out household duties and daily living activities, and pursue life's pleasures as he did before.

### Statutory Construction

The Rules of Statutory Construction, 1 Pa.C.S. § 1901 et seq., outline the general principles of statutory interpretation. Words and phrases of a statute shall be construed according to rules of grammar and according to their common and approved usage, 1 Pa.C.S. § 1903(a). Further, general words shall be construed to take their meanings and be restricted by preceding particular words. 1 Pa.C.S. § 1903(b). Moreover, when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded. 1 Pa.C.S. § 1921. Applying these principles, "loss" is defined as "a decrease in amount, magnitude, or degree." *Webster's Ninth New Collegiate Dictionary,* (Merriam-Webster,

1985). The word "loss" standing alone does not imply that the loss must be total; it suggests that *any* decrease constitutes a loss. In addition, the word "loss" is a general term whose meaning is restricted in the statute only by the word "permanent"—that is to say, "enduring without fundamental change." *Webster's,* supra. The word "loss" is not restricted by any words which would suggest that a total loss is required.

"Bodily function" is defined in two parts: "bodily," meaning "of or pertaining to the body," and "function," meaning "the normal action or purpose of something." *Webster's,* supra.

This court's definition of "permanent loss of a bodily function" is in accordance with the Rules of Statutory Construction and *Savitt,* supra. A "diminution of function to a degree that is statistically significant" constitutes a loss to such degree that the plaintiff could not perform certain act or acts which he/she had performed before the accident.

The definition was an ad hoc effort to exclude a diminution of range of motion which was minimal, or which was to be expected in the normal course of aging. The court believed, and so crafted its definition, that a 20 percent diminution in the ability to twist one's back, as was the case here, was a diminution of function which was significant. Further, the court's definition reflects the intent of the legislature in enacting a provision in the Tort Claims Act for "pain and suffering." Pain and suffering are generally compensated in a tort case when physical or mental discomfort and distress is a natural result of the injuries sustained. 11 Pennsylvania Law Encyclopedia, Damages, §26. The loss of life's pleasures and enjoyment is an element of pain and suffering and includes injuries which substantially limit a person's employment activities as well as his ability

to participate in the ordinary daily activities and recreational pursuits he had previously enjoyed, *Lebesco v. SEPTA,* 251 Pa.Super. 415, 380 A.2d 848 (1977). A person's inability to perform certain acts can be caused by less than a total loss of a bodily function. In the present case, a 20 percent permanent loss of range of motion in the lower back area hindered plaintiff's ability to perform his job and has left plaintiff unable to participate in the recreational, social, and daily activities in which he had participated prior to the injury. The type of injury sustained, whether partial or total, caused a result for which damages for pain and suffering are normally awarded in a tort case.

### Applicability of Workmen's Compensation Act

Defendant, City of Philadelphia, attempts to support its argument that permanent loss of a "bodily function" means the "functional equivalent of dismemberment" by making an analogy between the Tort Claims Act and the Pennsylvania Workmen's Compensation Act, 77 Pa.C.S. §1 et seq. This analogy is unconvincing.

Workmen's compensation generally can be defined as the amount of compensation payable for wage loss and medical bills resulting from work-connected disabilities. 42 Pennsylvania Law Encyclopedia, *Workmen's Compensation,* §2. A person is eligible for workmen's compensation when his injuries arise in the course of his employment and related thereto. 77 Pa.C.S. §411(1). The Workmen's Compensation Act provides, in part, that "the permanent loss of the use of a hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe, shall be considered as the equivalent of the loss of such hand, arm, foot, leg, eye, finger, or thumb, great toe or other toe." 77 Pa.C.S. §513(24). The "permanent loss

of the use of" an enumerated body part entitles the injured to certain fixed benefits. 1 Barbieri, *Pennsylvania Workmen's Compensation*, §5.11 (1975). This specific loss of use is compensable irrespective of a claimant's actual disability or incapacity to labor. *Truck Lubricating and Washing Company v. Workmen's Compensation Appeal Board,* 54 Pa.Commw. 495, 498, 421 A.2d 1251, 1253 (1980).

Defendant cites *Burkey v. Workmen's Compensation Appeal Board,* 80 Pa.Commw. 540, 471 A.2d 1325 (1984) and *Fisher Body Division of GMC v. Workmen's Compensation Appeal Board,* 90 Pa. Commw. 422, 495 A.2d 669 (1985), for the holding that recovery under the Workmen's Compensation Act for the "permanent loss of use of" a bodily part is only possible if the bodily part is treated as if physically missing. Defendant contends "permanent loss of a bodily function" under the Tort Claims Act should be interpreted in the same manner that the "permanent loss of use" of a bodily part is defined in the Workmen's Compensation Act, 77 Pa.C.S. §513(24). This construction would require injured plaintiff in a Tort Claims Action to suffer the "functional equivalent of dismemberment" to recover damages for pain and suffering.

While defendant's interpretation of "permanent loss of the use of" a bodily part is a correct one under the applicable section of the Workmen's Compensation Act, 77 Pa.C.S. §513, the Tort Claims Act cannot and should not be interpreted in the same manner. The language of both the Workmen's Compensation Act and the Tort Claims Act must be interpreted in context and in light of the purposes of each act. The Workmen's Compensation Act is intended to provide payments to employees who are disabled as a result of injuries arising in the course of their employment regardless of fault. *Barbieri,*

supra, §3.30. A payment of compensation for a permanent injury or a loss of a member of the body considers all disability emanating from or connected with the permanent injury or dismemberment, including pain, annoyance, inconveniences, disability to work, and everything incident to the permanent injury. *Killian v. Heintz Div. Kelsey Hayes,* 468 Pa. 200, 360 A.2d 620 (1976); *Vanaskie v. Stevens Coal Co.,* 133 Pa.Super. 457, 2 Atl.2d 531 (1938). In awarding a specified amount for the permanent loss of use of a bodily part, the Workmen's Compensation Act presumes that "pain" is an aspect of the injury, and includes damages for pain in the overall disability payment.

Under the Tort Claims Act, "pain and suffering" is a separate item of damages, and plaintiff has the burden to prove such damages. 42 Pa.C.S. §8553(c) (2). Pain and suffering is not assumed to be a result of the injury, but must be shown by establishing certain facts. Under the Tort Claims Act, a plaintiff must establish that the injury caused a "permanent loss of a bodily function" to receive compensation for pain and suffering. In the case at bar, plaintiff proved that he suffered a 20 percent loss of range of motion in his lower back and further showed that this injury hindered his ability to perform his job and other activities. Thus, it is clear that an injury less than the "functional equivalent of dismemberment" can cause pain and suffering. The "permanent loss of a bodily function" as used in the Tort Claims Act cannot be interpreted in the same manner as the "permanent loss of the use of" a bodily part as used in the Workmen's Compensation Act.

For the reasons stated above, defendant's motion is denied.