IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Young and Elaine Young,           :
and Christopher Kennedy and              :
Michele Kennedy                          :
                                         :
                                         :   No. 1422 C.D. 2021
          v.                             :   Argued: December 15, 2022
                                         :
City of Scranton,                        :
                        Appellant        :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY JUDGE DUMAS                                      FILED: March 28, 2023

The City of Scranton (the City) appeals from the judgment entered December 2, 2021, in the Court of Common Pleas of Lackawanna County (trial court), in favor of Albert and Elaine Young and Christopher and Michele Kennedy (Appellees). The City disputes the jury's monetary award to Appellees for "past, present and future loss of enjoyment of their property" as well as "annoyance and inconvenience." After careful review, we conclude that such derivative damages are not permitted. We therefore vacate the judgment entered, as well as the trial court's order denying the City post-trial relief, and remand for the trial court to consider the issue of damages in accordance with this opinion.

## I. BACKGROUND[1]

Appellees are next-door neighbors sharing a common driveway on Wyoming Avenue in Scranton, Lackawanna County, Pennsylvania. Meadow Brook Creek is a waterway that runs under both properties and is enclosed in a culvert,

---

[1] The recitation of facts is based on the Trial Court Opinion, 12/2/21, at 1-5, which also cites to stipulated facts placed on the record for the jury prior to closing arguments.

which is also used by the City to carry stormwater. It is unknown who first constructed the culvert. The culvert has caused property issues as far back as 1967, mainly sinkholes, culvert collapses, and flooding.[2] The City has attempted to remediate these issues.

Appellees filed a complaint in November 2016, alleging trespass, private nuisance, negligence, and violations of the Stormwater Management Act.[3] The matter proceeded to trial. At the close of evidence, the City moved for a directed verdict and filed objections to the jury instructions and the verdict slip on the issue of damages. The trial court declined to direct a verdict and overruled the objections. Ultimately, the jury found in favor of Appellees on all counts. The jury awarded the Youngs $230,000.00 in damages, including $150,000.00 for "past, present and future loss of enjoyment of their property" as well as "annoyance and inconvenience." The Kennedys were awarded a total of $103,500.00 in damages, including $93,500.00 for loss of enjoyment.

The City filed a motion for post-trial relief, requesting judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial. The City contended the trial court should have granted its motion for a directed verdict because the damages awarded by the jury are barred by what is commonly known as the Political Subdivision Tort Claims Act.[4] The trial court denied the motion; the City timely appealed and filed a court-ordered Pa. R.A.P. 1925(b) statement; and the

---

[2] According to Appellees, the flooding involved seven feet of water in the Youngs' basement and two to three feet of water in the Kennedys' basement. Appellees' Br. at 5. Both families lost personal property in the flood. *Id*.

[3] Act of October 4, 1978, P.L. 864, *as amended*, 32 P.S. §§ 680.1-680.17.

[4] *See* 42 Pa. C.S. §§ 8541-8564. Technically, the Political Subdivision Tort Claims Act was repealed by the Act of October 5, 1980, P.L. 693, and its successor provisions have been codified in the Judicial Code. Therefore, hereinafter and for accuracy, we will reference the Judicial Code rather than the Political Subdivision Tort Claims Act.

trial court issued a responsive statement directing this Court to its memorandum and order of December 2, 2021.[5]

## II. ISSUES

On appeal, the City raises a single issue for our review, namely, whether the City is entitled to JNOV or a new trial because damages for "past, present, and future loss of enjoyment of their property, annoyance, and inconvenience" are prohibited as a matter of law. Appellant's Br. at 12.

According to the City, those damages apportioned for "past, present, and future loss of *enjoyment* of their property, *annoyance*, and *inconvenience*" are precluded as a matter of law. Appellant's Br. at 12 (citing 42 Pa. C.S. § 8553) (emphasis added). Rather, the City contends, Section 8553 specifically limits recovery to "property losses." *Id.* (citing 42 Pa. C.S. § 8553(c)(6)). The City argues that the Judicial Code does not expressly allow for derivative losses, or what it characterizes as damages to the person, such as loss of enjoyment of property, annoyance, and inconvenience. *Id.* at 13, 18. Because neither the Judicial Code itself nor appellate case law has defined "property losses," the City suggests that we utilize statutory interpretation and look at the purpose and legislative intent of the Judicial Code. *Id.* at 13, 17, 20. There, the City contends that the purpose generally is to insulate governmental entities from liability and to expressly limit the types of damages for which a governmental entity can be liable. *Id.* at 13 (citing *Smith v. City of Philadelphia*, 516 A.2d 306, 311 (Pa. 1986) (plurality opinion)). To this point, the City further suggests that it is in the public interest to protect the public treasury from excessive verdicts. *Id.*

---

[5] The City raised several issues in its post-trial motion but on appeal argues only the issue of damages.

3

In response, Appellees argue that JNOV was inappropriate because the law does not clearly support the City's position. Appellees' Br. at 14. According to Appellees, the term "property loss" is clear in common usage and understanding, and it should encompass more than just a decline in fair market value. *Id*. at 18. Appellees contend that the City's interpretation is simply illogical and that property losses, as contemplated by the Judicial Code, by their nature include loss of use and enjoyment, annoyance, and inconvenience. *See* Appellees' Br. at 10, 18.[6]

### III. ANALYSIS[7]

As discussed, the City challenges only the trial court's denial of JNOV or a new trial on the issue of damages for "past, present, and future loss of enjoyment of their property, annoyance, and inconvenience." Appellant's Br. at 12. JNOV may be entered where the movant is entitled to judgment as a matter of law or where the evidence is such that no two reasonable persons could disagree that the verdict should have been rendered for the movant. *Moure v. Raeuchle*, 604 A.2d 1003, 1007 (Pa. 1992). "On the first basis, a court reviews the record and concludes that even with all factual inferences decided adverse to the movant, the law nonetheless

---

[6] Appellees also challenge the timeliness of the City's motion for directed verdict. Appellees' Br. at 11. Nevertheless, they concede that the trial court considered the motion on the merits. *See id.* Pennsylvania Rule of Civil Procedure 226 provides that "[a]t the close of evidence, the trial judge may direct a verdict upon the oral or written motion of any party." Pa. R.Civ.P. 226(b). When to consider and rule on a motion for directed verdict is generally left to the trial court's discretion. *See, e.g.*, *Bethay v. Phila. Hous. Auth.*, 413 A.2d 710, 718 (Pa. Super. 1979) (affirming trial judge's decision to grant directed verdict after closing arguments and suggesting that any time prior to a jury's verdict is permissible).

[7] "This Court's standard of review from a trial court's order denying a motion for [JNOV] is limited to determining whether the trial court abused its discretion or erred as a matter of law." *Alleyne v. Pirrone*, 180 A.3d 524, 539 n.11 (Pa. Cmwlth. 2018) (citation omitted). Further, this Court "is obligated to apply an abuse of discretion standard in reviewing a trial court's denial of a motion for a new trial, and may overturn the trial court's determination only if that court abused its discretion." *Grove v. Port Auth. of Allegheny Cnty.*, 218 A.3d 877, 887 (Pa. 2019).

4

requires a verdict in movant's favor." *Dep't of Gen. Servs. v. U.S. Min. Prods. Co.*, 927 A.2d 717, 723 (Pa. Cmwlth. 2007), *aff'd*, 956 A.2d 967 (Pa. 2008). On the second basis, the court "reviews the evidentiary record and concludes the evidence is such that a verdict for the movant is beyond peradventure." *Id.* JNOV should not be entered if the evidence conflicts regarding a material fact; a reviewing court must consider the evidence, with all reasonable inferences, in a light most favorable to the verdict winner. *See Alleyne*, 180 A.3d at 539 n.11.

The Judicial Code limits the liability of local agencies "for any damages on account of any injury to a . . . property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541. There are exceptions to this governmental immunity, including damages to property caused by utility service facilities. *See* 42 Pa. C.S. § 8542(b)(5).[8] Nevertheless, even where liability has been permitted, the Judicial Code limits the type of losses recognized for which damages may be recovered. Relevant here, the Judicial Code permits the recovery of damages for "property losses." 42 Pa. C.S. § 8553(c)(6).[9] The Judicial Code does not define "property losses."

In questions of statutory interpretation,[10] the objective "is to ascertain and effectuate the intent of the legislature." *Allstate Life Ins. Co. v. Com.*, 52 A.3d 1077, 1080 (Pa. 2012) (citation omitted); *see also* 1 Pa. C.S. § 1921(a). "When the

---

[8] Utility service facilities, *i.e.,* sewer or water systems, owned by the local agency and located within rights-of-way are within the exceptions to governmental immunity where a dangerous condition created a reasonably foreseeable risk of the kind of injury incurred, and where the local agency had actual notice at a sufficient time prior to the event to take measures to protect against the condition. 42 Pa. C.S. § 8542(b)(5).

[9] The Judicial Code also caps the damages arising from the same cause of action at $500,000.00. 42 Pa. C.S. § 8553(b).

[10] Our standard of review is *de novo*. *Allstate Life Ins. Co. v. Com.*, 52 A.3d 1077, 1080 (Pa. 2012).

words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent." *Allstate Life Ins.*, 52 A.3d at 1080; *see also* 1 Pa. C.S. § 1903(a) (words and phrases are to be construed according to rules of grammar and common and approved usage). In cases where the statute is ambiguous, courts should read all sections of a statute together and in conjunction with each other. *Allstate Life Ins. Co.*, 52 A.3d at 1080. The General Assembly does not intend "a result that is absurd, impossible of execution or unreasonable." 1 Pa. C.S. § 1922.

Neither party has provided definitive authority regarding the definition of "property loss" and much of their arguments rely on dueling interpretations of the statute. For example, the City points out that the Judicial Code allows for recovery of pain and suffering in personal injury cases only in the most serious incidents. Appellant's Br. at 19-20 (citing 42 Pa. C.S. § 8553(c)(2)(i)-(ii)). Additionally, the City cites the dictionary definition of "loss," as used in a non-precedential trial court decision analyzing the permanent loss of a body function. *See Owens v. City of Philadelphia*, 47 Pa. D. & C. 3d 290 (C.P. Pa. 1987). In that case, the trial court defined "loss" as "a decrease in amount, magnitude, or degree." *See id.* (citing Webster's Ninth New Collegiate Dictionary (1985)). The City argues that the loss in the instant case reflects damages to the person and not a decrease in the amount of magnitude or degree of property. Appellant's Br. at 20. This argument is not particularly convincing, as this decision is not precedential, nor was it made in the context of a property loss.

6

However, Appellees' citation to *Gross v. Jackson Township*, 476 A.2d 974 (Pa. Super. 1984), is equally unavailing.[11] In *Gross*, landowners brought an action against the Township to recover for damages sustained to shrubs and hedges when the township was working on a road. *Id.* at 975. The Superior Court relied upon the Restatement (Second) of Torts, specifically, Section 929, which discusses harm to land from past invasions. *Id.* at 976 (citing Restatement (Second) of Torts § 929 (1979)). The Court concluded that restoration costs were an appropriate measure of damages where, as per the Restatement, the destruction harmed the landowners' use and enjoyment of their property. *Id.* However, the Superior Court did not discuss the township's liability or damages in the context of the Political Subdivision Tort Claims Act/Judicial Code or even cite it at all. Accordingly, this citation is not particularly persuasive in the context of the instant matter.[12]

Based on the above, specifically the parties' dueling interpretations of "property loss" and the lack of clear precedent regarding the subject, we conclude that the statute is ambiguous regarding that term. *Allstate Life Ins. Co.*, 52 A.3d at 1080. Accordingly, we turn to further principles of statutory interpretation. *See id.*

In the instant case, the resolution of the issue narrows down to the purpose of the Judicial Code, which is "to limit governmental exposure to tort liability for its acts." *Sphere Drake Ins. Co. v. Phila. Gas Works*, 782 A.2d 510, 515 (Pa. 2001); *see also Smith*, 516 A.2d at 311 (plurality opinion) ("preservation of the

---

[11] In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[12] For its part, the trial court "fail[ed] to see how allowing the recovery of damage for loss or enjoyment of property is appreciably different from 'property losses.'" Trial Ct. Op. at 15. Further, the court concluded that if one loses property, one loses the enjoyment of that property. *Id.* The court cites no supportive authority but, rather, uses broad logical brushstrokes to reach its conclusion.

7

public treasury as against the possibility of unusually large recoveries in tort cases, is, self-evidently, an important governmental interest"). "Because the legislature's intent in . . . [the Judicial Code] is to shield government from liability, except as provided for in the statutes themselves, we apply a rule of strict construction in interpreting these exceptions." *Jones v. Se. Pa. Transp. Auth.*, 772 A.2d 435, 440 (Pa. 2001).

If the purpose is, indeed, to limit the liability of the City, then reading more into the Judicial Code than provided would ultimately be reaching an unreasonable result. *Sphere Drake Ins. Co.*, 782 A.2d at 515; *see also Smith*, 516 A.2d at 311; 1 Pa. C.S. § 1922. Case law is clear that the legislature's intent was to shield the government from liability. *Jones*, 772 A.2d at 440. Further, "except as provided for in the statutes themselves, we apply a rule of strict construction" when interpreting statutes. *See e.g., Jones*, 772 A.2d at 440. In the instant case, as discussed above, the statute simply does not, on its face, provide for the recovery of derivative damages. Therefore, a strict construction would preclude derivative damages, or would limit damages to a reasonably objective calculation, such as a loss in property value. Thus, it is a reasonable assumption that these derivative damages were not intended by the legislature as an exception where not specifically provided. *See e.g.*, *id*. Consequently, the trial court erred when it determined that the Judicial Code permitted Appellees to recover damages for the loss of enjoyment of their property. *Moure*, 604 A.2d at 1007; *Alleyne*, 180 A.3d at 539 n.11.

The City requests that we remand so that the trial court may enter JNOV on Appellees' claims regarding the loss of enjoyment of their property or, in the alternative, hold a new trial on the damages. Appellant's Br. at 5. In cases where a trial court must consider the question of the full or partial granting of a new trial on

8

damages, "there is no *per se* rule with respect to the types of damages to be considered at a new trial and trial courts are not mandated to award a new damages trial on all damages." *Mader v. Duquesne Light Co.*, 241 A.3d 600, 614-15 (Pa. 2020). The trial court should discern whether "the properly awarded damages in the first trial were 'fairly determined,' and, if so, whether they were sufficiently independent from, and are not 'intertwined' with, the erroneously determined damages." *Id.* Instantly, this language suggests that this is a decision best left for the trial court to determine on remand, particularly where the court must make a determination regarding how "intertwined" the properly awarded damages are with the erroneously determined damages. Accordingly, we vacate the trial court's order entering judgment and remand for a determination regarding the damages in accordance with *Mader*.

## IV. CONCLUSION

For these reasons, because the trial court erred by determining that the Judicial Code allowed for the recovery of "loss of enjoyment" damages for property loss, we vacate the judgment entered, as well as the trial court's order denying post-trial relief, and remand for the trial court to consider whether a new trial on damages is necessary, or whether the properly awarded damages in the first trial were fairly determined, and if so, "whether they are independent from, and are not 'intertwined' with, the erroneously determined damages." *See*, *e.g.*, *Mader*, 241 A.3d at 614-15.

---

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Young and Elaine Young, :
and Christopher Kennedy and :
Michele Kennedy :
: No. 1422 C.D. 2021
v. :
:
City of Scranton, :
Appellant :

# **O R D E R**

AND NOW, this 28th day of March, 2023, the judgment entered in the Lackawanna County Court of Common Pleas on December 2, 2021, is VACATED. The order of the trial court dated December 2, 2021, denying post-trial relief, is also VACATED. The matter is REMANDED to the trial court for a determination as to whether a new trial on the damages is necessary. Jurisdiction relinquished.

_____
LORI A. DUMAS, Judge